Gardiner, J.
 

 The defendant contends, 1st. That the covenant in the original lease to pay assessments did not run with the land. It is obvious that this covenant affected the value, and, in this case, the mode of enjoying the demised property. It was more than a covenant collateral to the land, and was, therefore, assignable.
 
 (Taylor’s Land & Ten.
 
 128; 5
 
 Coke,
 
 
 *396
 
 25; 17
 
 Wend.
 
 148; 5
 
 Id.
 
 615.) That the defendant was as signee in fact, distinctly appears from the recital in the lease executed by him to Collins Shepherd, of the premises in question. 2d. The lease between the parties last mentipned is in the usual form, with covenants by the lessee for the payment of rent, and for the
 
 surrender
 
 of the premises at the close of the term in good order and condition. Shepherd therefore did not hold the premises as assignee, but as the under tenant of the defendant.
 
 (Pigot
 
 v.
 
 Maison,
 
 1
 
 Paige,
 
 414, 415.) 3d. It is insisted
 

 that the assessment in question is not embraced by the terms of the covenant of the lease of 1799, that it is extraordinary, and not within the contemplation of the parties, or the law, as a part of the rent reserved; that no assessments, but tlióse authorized by the law existing at the execution of the lease, are within its terms. By the provisions of the lease of 1799, the lessee covenanted, in consideration of the demise, “ to discharge all such rates, taxes, and assessments, (which comprehends every charge imposed by public authority,) for which said premises shall be liable, or shall be raised, levied, or assessed on the same during the continuance of the lease.” The lease continued from 1799 to 1841, the defendant admits. The assessment was imposed by resolution of the common council of the city of New-York, and the report of the commissioners was subsequently confirmed by the supreme court. It was one therefore for which' the premises were liable. The defendant became assignee of this lease by a conveyance from the insurance company, made in express terms, “ subject to the rents and
 
 covenants
 
 in said indenture of lease mentioned.” By those covenants, the lessee or assignee was to provide for
 
 all
 
 assessments, whether imposed according to laws then existing, or those subsequently enacted. What the precise character or amount of the subsequent assessments would be, could not be known, although the parties must have anticipated an increase during a term of forty years, and in a city rapidly growing in importance. Of all this the tenant agreed to take the hazard, and to obtain compensation in a diminished rent, and the increased value of the demised premises.
 

 The covenant is, we think, perfectly plain; and unless there is some.law that prohibited parties from making their own con
 
 *397
 
 tracts, the defendant must abide by the one he has voluntarily assumed.
 

 The decision of the judge was correct, and the judgment must be affirmed.
 

 Judgment affirmed.