The State *v.* Martin.

THE STATE *et al. v.* A. B. MARTIN, Executor, *et al.*

1. LEASE. *Assignment. Lessee and Assignee.* By an assignment of his lease, a lessee divests himself of his privity of estate and transfers it to the assignee, who will hold in privity of estate with the original landlord.

2. SAME. *Same. Same.* The assignee of a lease, by accepting possession of the land, subjects himself to all the covenants which run with the land, among which are the covenants to pay rent, taxes and assessments, and a subsequent assignment of the lease will not relieve him from a breach of covenant occurring during the time of his enjoyment.

3. SAME. *Purchaser of leasehold interest.* A purchaser under a foreclosure of a mortgage or trust conveyance of a leasehold interest becomes an

assignee of the lease, liable accordingly during his enjoyment of the demised premises, and therefore personally chargeable with taxes accuring during that period, as between him and the owners of the reversion.

### FROM DAVIDSON.

Appeal from the Chancery Court at Nashville. A. G. MERRITT, Ch.

CHAMPION & HEAD and JOHN RUHM for complainants.

STOKES & STOKES for defendants.

COOPER, J., delivered the opinion of the court.

Bill by the State, the county of Davidson and the city of Nashville to recover the taxes for the year 1880, levied upon an improved lot in Nashville, on the corner of the Public Square and College Street. The liability of the property for the taxes is conceded, and the only contest is between the defendants as to which of them shall be held primarily liable. The chancellor held that the defendant, A. B. Martin, as executor of the last will of R. L. Caruthers, deceased, was first liable, and he appealed.

On August 14, 1859, Frank McGavock leased the lot in question, for the period of fifty years, to A. H. Hicks, his personal representatives and assigns, upon an annual ground rent and the payment of all taxes, etc., which might be assessed or imposed by authority of the State, county, corporation of Nashville or otherwise. On February 19, 1876, A. H. Hicks conveyed to R. L. Caruthers, Jr., in trust to secure a large

debt due to R. L. Caruthers, Sr., defendant Martin's testator, with power of sale on default of payment of the debt or any instalment of interest, all his "right, title and interest" in the lot in question, with the improvements thereon, the lot "being the same leased by me from Francis McGavock on the 14th May, 1859, for the period of fifty years, by a lease recorded in register's office of Davidson county, book 29, p. 299, to which reference is here made." On November 8, 1877, R. L. Caruthers, jr., by virtue of the powers conferred upon him by the foregoing deed, sold and conveyed to R. L. Caruthers, sr., "his heirs and assigns forever," all the right and title to the land and improvements vested in him by the trust deed. R. L. Caruthers, sr., went into possession of the premises, under this conveyance, and remained in possession, receiving the rents and profits, until November 10, 1880, when he assigned his interest to one Shields. Caruthers paid the taxes during his possession up to the year 1880. Since his assignment to Shields, the heirs or devisees of McGavock, who were the other defendants to the bill, have terminated the lease by re-entry on the premises for the failure of Shields to comply with its covenants.

A lessee of land, during his occupation, holds both by privity of estate and of contract. His privity of estate depends upon and is co-existent with the continuance of his term. By an assignment, he divests himself of this privity and transfers it to his assignee; it remains annexed to the estate, into whose possession soever the lands may pass, and the assignee always

The State *v.* Martin.

holds in privity of estate with the original landlord. The assignee, takes all the interest of the assignor in the thing assigned, but he takes it subject to all the covenants which are annexed to the estate and run with the land, and must perform them so long as he is in possession. For when a covenant relates to, or is to operate upon, a thing in being, parcel of the demise, that which is to be done by force of the covenant is, as it were, annexed to the thing demised, and goes with the land, binding the assignee to per- formance, though not named, and *a fortiori*, if named; and the assignee, by accepting possession of the land, subjects himself to all the covenants that run with the land: *Bedford* v. *Terhune*, 30 N. Y., 458; Taylor Land. & Ten., secs. 436, 437 and cases cited. These covenants, as this court has said, are such as "touch and concern" the thing demised: *Brooks* v. *Smith*, Thomp. Cas., 226. And all the authorities agree that among the covenants to which the liability of an assignee extends are the covenants to pay rent, taxes and assessments: 1 Wash. Real Prop., 435, 3d ed.; Taylor Land. & Ten., sec. 437 and cases cited; Dean of Windsor's Case, 5 Rep., 24; *Post* v. *Kearney*, 2 N. Y., 394. Although the assignee himself assigns over, he is, notwithstanding, liable for all such breaches as occurred during the time of his enjoyment, because the right of action, having once vested for breaches com- mitted by him, cannot be divested by a new assign- ment, although the privity of estate between the lessor and lessee or assignee may be destroyed by the assignment, and a privity of contract never existed :

*Id.,* sec. 449. A purchaser under a foreclosure of a mortgage or trust of the leasehold estate is an assignee of the lease, and liable accordingly during his possession of the demised premises: *Post* v. *Kearney,* 2 N. Y., 394. And the liability for the taxes of the year 1880 became fixed upon the 10th of January of that year.

The chancellor's decree was therefore correct in holding the estate of R. L. Caruthers, sr., primarily liable for the taxes of 1880, as between him and the devisees or heirs of the landlord.

Decree affirmed with costs.