BISCHOFF, J. The plaintiff, a brewing concern, sued the defendant, formerly employed by it as a truckman, for a deficiency upon foreclosure of a chattel mortgage of saloon fixture, and the defense was that the defendant assumed the apparent relation of mortgagor and conducted the saloon solely for the benefit of the plaintiff, because of its inability to find any person willing to keep the place open, in view of the rough character of the neighborhood, and that it was understood by the parties that the writing was to have no efficacy as a contract. From a judgment for the defendant rendered upon evidence sufficient to support a favorable finding of the facts thus set up as a defense, the plaintiff has appealed; and it is contended that the defense was not available, because of an equitable nature, and so without the jurisdiction of the Municipal Court, and that the defendant's testimony was erroneously received over objection upon the ground that it tended · to vary the written contract embodied in the chattel mortgage.

Neither point is well taken. Evidence which goes to the intention of the parties to make any contract at all, when executing a writing purporting to be a contract, does not offend the rule which excludes parol proof to vary the terms of an actual contract (Brown on Parol Evidence, § 33, and cases cited) ; nor does such a defense call for the exercise of equitable jurisdiction by the court, since the inquiry simply relates to the legal effect of the writing upon the facts, and is of cognizance as a common-law defense not substantially different in character from a claim that the instrument had been given up (Grierson v. Mason, 60 N. Y. 394).

The judgment is therefore affirmed, with costs. All concur.

---

(49 Misc. Rep. 121)

### SCHUMER v. HURWITZ et al.

(Supreme Court, Appellate Term. December 21, 1905.)

LANDLORD AND TENANT—SUBLETTING—RECOVERY OF POSSESSION FOR NON PAYMENT OF RENT.

Plaintiff, lessee of land, leased it to H. "as long as the landlord herein shall have the lease on said premises" for an increased rent, with right of re-entry in case of breach of certain conditions, and to a delivery of possession at the end or other termination of the lease, and afterwards consented to the transfer to defendants by H. of the lease which plaintiff had made to H. *Held*, that plaintiff had not assigned his lease, but merely made a sublease, and therefore was entitled to recover the rent, or, in default thereof, possession of the premises.

[Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Landlord and Tenant, § 235.]

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Summary proceedings by Chaya Esther Schumer, landlord, against Max Hurwitz, tenant, and Eli Scherlesinger and others, undertenants. From a judgment dismissing the proceedings and awarding possession of the premises to the undertenants, the landlord appeals. Reversed.

Argued before SCOTT, P. J., and BISCHOFF and MacLEAN, JJ.

Manheim & Manheim, for appellant.

Charles Fischer, for respondents.

MacLEAN, J. In this proceeding to recover possession of certain premises for nonpayment of rent, it was claimed that rent was paid to the true landlord and that the landlord appellant had divested himself of all right by assignment. By instruments in evidence it appears that one Sender Jarmulowsky, on January 25, 1899, leased the premises in question to Chaya Esther Schumer for the term of 10 years from September 1, 1899, at a rental of $85.59 monthly in advance; that on May 5, 1903, Chaya Esther Schumer let said premises to Max Hurwitz "as long as the landlord herein shall have the lease on said premises" at an annual rental of $1,800, payable in equal monthly payments in advance, with right of re-entry in case of the breach of certain conditions and to a delivery of possession at the end or other expiration of the term; and that on December 16, 1904, Chaya Esther Schumer and Meyer Schumer consented to a transfer of the latter lease to Elias Verschleiser.

While the lease between the original lessee and her lessor provided against the assignment, underletting, or underleasing without consent in writing, it may be, so far as appears from the record, and no question thereto having been raised, that has been waived. Wherefore regard needs only be had to this proceeding as one between the original lessee and her transferees, which was not the case of Stewart v. Long Island Railroad Co., 102 N. Y. 601, 8 N. E. 200, 55 Am. Rep. 844. Herein there were reservations, not only of re-entry on breach of certain conditions, but of new rent, and, though there was a demise for the residue of the term, there was a reservation of delivery of possession at the end of the term and so a fragment of the original term; for "the right to possession on the last day would leave a fragment of that day of the term in the assignor and was sufficient to create a technical reversion and thus prevent a privity of estate between his lessee and the original lessor." Stewart v. Long Island Railroad Co., 102 N. Y. 611, 8 N. E. 203, 55 Am. Rep. 844. Such reservations have been held sufficient to characterize the demise of a sublease and not an assignment. Post v. Kearney, 2 N. Y. 394, 51 Am. Dec. 303 and Collins v. Hasbrouck, 56 N. Y. 157, 15 Am. Rep. 407, not disapproved, though distinguished, in Stewart v. Long Island Railroad Co., supra. The judgment and order herein in favor of the tenants must therefore be reversed, and a new trial ordered.

Judgment and order reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.