HERZIG v. BLUMENKROHN et al.

(Supreme Court, Appellate Division, First Department. December 6, 1907.)

LANDLORD AND TENANT—LEASE—COVENANT AGAINST ASSIGNMENTS—BREACH.
Plaintiff leased certain premises to defendant B. for a term of years commencing July 1, 1907, at 12 o'clock noon, and ending at the same hour on October 1, 1920. The lease contained a covenant against assignments without the lessor's written consent, and reserved to the lessor the right to re-enter for breach thereof. Before the commencement of the lessee's term, and without the lessor's consent, the lessee leased the same premises to defendant C. for the same term at the same rent by a lease which, except for the date and names of the parties, was a precise copy of the original lease. *Held*, that such second lease, though containing a covenant that the lessee should surrender on the last day of the term, and reserving to B. the right of re-entry for condition broken, constituted an assignment of the original lease, and not a sublease, and was therefore a breach of the covenant against assignment in the original lease.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, § 228.]

Ingraham, J., dissenting.

Appeal from Special Term.

Suit by Joseph Herzig against Siegfried Blumenkrohn and another impleaded, etc. From an interlocutory judgment overruling a demurrer of defendant Blumenkrohn to the complaint, the impleaded defendants appeal. Affirmed with leave to withdraw demurrer and answer.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, HOUGHTON, and SCOTT, JJ.

William M. Seabury, for appellant.
Louis Marshall, for respondent.
George A. Strong, for defendant Crystal.

SCOTT, J. The defendant Blumenkrohn appeals from an interlocutory decree overruling his demurrer to the complaint. The facts are simple. The plaintiff held a leasehold estate in certain premises in the city of New York. On July 19, 1905, he leased the premises to the appellant Blumenkrohn for a term of years to commence on July 1, 1907, at 12 o'clock noon, and to end on October 1, 1920, also at 12 o'clock noon, the lease being duly recorded on April 30, 1906. This

lease contained a provision that "the lessee further covenants not to assign this lease without the lessor's written consent." The lease also reserved to the lessor, plaintiff herein, the right to re-enter upon default by the lessee with respect to any of the covenants by him to be performed. On May 16, 1906, and hence before his own term was to commence, the appellant Blumenkrohn, without consent of plaintiff, leased the same premises to the defendant Crystal for the same term as was conveyed by the lease from plaintiff to Blumenkrohn for the same rent by a lease which, except for the date and the names of the lessor and lessee, was a precise copy of the former lease from plaintiff to Blumenkrohn. The plaintiff, upon ascertaining the fact of the lease from Blumenkrohn to Crystal, and before the date for the commencement of the term fixed by either lease, commenced this action to have the leases declared void, asserting that, both having been recorded, they constitute a cloud upon his title. His position is that the instrument executed by Blumenkrohn to Crystal, although in form a lease, was in fact and law an assignment to Crystal of plaintiff's lease to Blumenkrohn and that thereby Blumenkrohn violated his covenant not to assign, and he alleges that he has exercised his option to cancel the lease for such violation, and has so notified both defendants.

The sole question presented therefore is whether or not the instrument executed by Blumenkrohn to Crystal is a sublease or an assignment. The distinction between a sublease and an assignment of the original lease has been the cause of much discussion, and of some apparent, rather than real, difference of opinion. It is quite well settled however that it is immaterial what form of instrument is used, or whether on its face it purports to be a sublease or merely the assignment of a lease. The essential distinction between a sublease and an assignment lies in the extent to which the original lessee has parted with his interest. If he has parted with his entire interest, he has made an assignment. If he has retained in himself, he has made a sublease. Woodhull v. Rosenthal, 61 N. Y. 391; Stewart v. Long Island R. R. Co., 102 N. Y. 607, 8 N. E. 200, 55 Am. Rep. 844. In the desire to avoid forfeitures, the courts have been astute to discover in instruments asserted to be assignments features which implied some reservation sufficient to justify a finding that the original lessee had reserved to himself some portion of the term. Thus, when the instrument, although it disposed of the whole term, contained a covenant on the part of the second lessee to surrender to the original lessee on the last day of the term, it was considered that there had been reserved a reversion of a part of the last day of the term, and hence the instrument was deemed a sublease and not an assignment. Post v. Kearney, 2 N. Y. 394, 51 Am. Rep. 303. In the present case the instrument executed by Blumenkrohn to Crystal is, as has been said, identical in its language with the lease executed by plaintiff to Blumenkrohn. It covers the same premises, is for the same term, at the same rent, payable on the same days, and contains identical conditions and covenants. No such reservation can be spelled out of it as was found in Post v. Kearney, supra, for there the only provision as to the end of the term was that it should be on a certain day, and the covenant as to surrender was that the sublessee should surrender to the original

lessee. In the present case the end of the time is fixed at a particular minute in a day, to wit, at 12 o'clock noon on the 1st day of October, 1920, and Crystal's covenant to surrender at the end of the term is not that he will surrender the premises to Blumenkrohn, but that "he shall quit and surrender said premises in good condition, reasonable wear and tear excepted." This must be taken to mean that he will surrender possession to whomsoever shall at the end of the term be entitled to demand it, and that person cannot be Blumenkrohn, because his right to possession will terminate under his lease from plaintiff at the very moment that Crystal's term ends and the obligation to surrender becomes operative. It is clear, therefore, that Blumenkrohn has not reserved to himself any part of the term at its end. The only possible feature of the case upon which a contention can be based that the instrument was a sublease and not an assignment is that the instrument contains the customary clause reserving to Blumenkrohn the right of re-entry for condition broken, and it is upon this fact that the appellant chiefly relies. It is not to be disputed that there are to be found cases of high authority in which it has been said that the reservation of such a right of re-entry imparts to the instrument containing it the character of a sublease, rather than that of an assignment; but the better opinion, as we consider, is that the reservation of such a right alone is not sufficient to produce such a result. The principal authority in this state for the proposition contended for by appellant is Collins v. Hasbrouck, 56 N. Y. 162, 15 Am. Rep. 407, wherein Judge Folger says, "And again, if there be a right reserved to the lessor to re-enter for breach of conditions, this makes a sublease," and he cites as authority for this Doe ex dem. v. Bateman, 2 Barn. & Ad. 168. Whether this case fully supports the rule for which it is cited may be doubted. See dissenting opinion of Finch, J., in Stewart v. Long Island R. R., 102 N. Y. 618, 8 N. E. 200, 55 Am. Rep. 844. It is certain that Collins v. Hasbrouck is not authority for the proposition that the reservation of the right of re-entry for condition broken alone characterized the instrument as a sublease, for there were many other features of the instrument then before the court which went to fix its character as a sublease. It was in the form of a lease, it reserved to the original lessees rent at a new rate and at a new time of payment, and provided for a surrender to the original lessees at the expiration of the term, and, finally, although the covenant in the original lease from plaintiff was against subletting, and the court found that the covenant had been broken and a sublease made, the decision went against the plaintiff because the court found that he had waived the forfeiture. In Ganson v. Tifft, 71 N. Y. 48, the court followed Collins v. Hasbrouck, but laid especial stress upon the fact, present in both cases, that the sublease contained a covenant for surrender to the original lessee at the end of the term. This case therefore cannot be successfully cited, for the proposition that the reservation of a right to re-enter for condition broken alone fixes the character of an instrument as a sublease. On the other hand, there are many authorities for the proposition that such a reservation alone, without any other reservation of a part of the term does not make an instrument a sublease which, otherwise, would be an assignment. This is the rule stated in

Woodhul v. Rosenthal, 61 N. Y. 382, wherein Commissioner Dwight cites Bacon's Abridgement as follows:

"Where the whole term is made over by the lessee, although in the deed by which that is done the rent and power of re-entry for nonpayment are reserved to him and not to the original lessor, this is an assignment and not an underlease, * * * and this although new covenants are introduced in the assignment." Bacon's Abr. Leases, 1, 3.

The question was treated with his usual thoroughness and clarity by Judge Rapallo in Stewart v. Long Island R. R. Co., 102 N. Y. 607, 8 N. E. 200, 55 Am. Rep. 844. Speaking of cases like the present, where the question has arisen between the transferee and the original landlord, he said:

"In the latter class of cases the rule is well settled that if the lessee parts with his whole term or interest as lessee, or makes a lease for a period exceeding his whole term, it will, as to the landlord, amount to an assignment of the lease, and the essence of the instrument as an assignment will not be destroyed by its reserving a new rent to the lessor with power of re-entering for nonpayment, nor by its assuming by the use of the word 'demise' or otherwise the character of a sublease. * * * The fact that the lease to the defendant reserves a different rent from that reserved in the original lease, with a clause for re-entry, cannot affect the question between the parties to the present controversy of its operating in law as an assignment of the term. These points were expressly adjudicated in the case of Doe v. Bateman, 2 Barn. & Adol. 168, and Wollaston v. Hakewell, 3 Scott's N. R. 616."

In commenting upon Collins v. Hasbrouck, Judge Rapallo points out that, in view of the result reached on the question of waiver, the discussion of the effect of the reservation of the right to re-enter for condition broken had been irrelevant, and again states what we deem to be the true rule—citing a great number of authorities in support of his position. To the same effect are the textwriters and a number of well-considered opinions in other jurisdictions. Sexton v. Chicago Storage Co., 129 Ill. 318, 21 N. E. 920, 16 Am. St. Rep. 274; Craig v. Summers, 47 Minn. 189, 49 N. W. 742, 15 L. R. A. 236. "So the right of re-entry is not an estate or interest in the land, nor does it imply a reservation of a reversion. It is a mere chose in action. When enforced the grantor is in through the breach of the conditions, and not by the reverter." Tiedeman, Real Prop. § 277. "An assignment as contradistinguished from a sublease signifies a parting with the whole term: and whenever the whole term is made over by the lessee, although in the deed by which that is done the rent and a power of re-entry are reserved to himself, yet the instrument amounts to an assignment and not a sublease." Wood, Land. & Tenant (Am. Ed.) vol. 1, § 258. To the same effect are Taylor, Land. & Tenant, vol. 1, § 16, and Washburn, Real Prop. (2d Ed.) vol. 1, §§ 451–474.

To sum up, therefore, the instrument executed by Blumenkrohn to Crystal conveyed the whole term without the reservation of any reversion or reversionary interest, except the right to re-enter for condition broken. This right of re-entry did not amount to or imply a reservation of any reversion in the term or of any interest in the land, but merely of a chose in action in case of a breach of covenant. The instrument, therefore, although in form a lease, was in legal effect an assignment of the lease from plaintiff, and, having been made with-

out his consent, was a breach of the covenant against assignments, and
entitled the plaintiff to enforce a forfeiture of the original lease.

The judgment must be affirmed, with costs, with leave to appellant
to withdraw his demurrer and answer within 20 days on payment of
costs in this court and in the court below. All concur, except INGRA-
HAM, J., who dissents.

INGRAHAM, J. (dissenting). There is not entire accord in the
cases which have discussed the question that is presented in this case,
which seems to have arisen from the different aspect in which the
question has been presented, as a more stringent rule has been applied
when it was sought to construe an instrument which was in form a
sublease of the premises as an assignment of the lease where the orig-
inal lessor claimed a forfeiture of the lease than in cases where he
claimed to be entitled to recover from the sublessee the rent reserved
by the original lease. In 18 Am. & Eng. Ency. of Law (2d Ed.) p. 657,
it is said:

"It is immaterial by what kind of an instrument or conveyance the term is
so disposed of. Thus the grantee or nominal lessee becomes an assignee if
the lessee * * * executes an instrument purporting to be a lease or de-
mise of the premises for the balance of his unexpired term or a period ex-
ceeding his term, or conveys the premises in fee simple."

But on page 658 it is said:

"To constitute the transaction a subletting instead of an assignment it is
not necessary that the reversion retained by the original lessee be for any
particular time. A reversion of the last day of the term is sufficient, and
where the sublessee covenanted to redeliver possession to the original lessee
on the last day of the latter's term, the transaction was held to be a sub-
lease. The fact that the lessee reserves in the transfer of his term a rent,
so called, payable to himself, will not necessarily prevent the transaction from
constituting an assignment instead of a sublease, and the same has been held
true where he also reserved a power of re-entry for nonpayment."

The original lease in question contains no covenant against sublet-
ting, and it seems to be conceded by Mr. Justice SCOTT in his opinion
that under the authorities of this state, if the sublease had contained an
express covenant by which the sublessee agreed to redeliver posses-
sion of the premises to his lessor on the last day of the latter's term,
the transaction would be held to be a sublease. It seems to me that
this is the effect of the covenant. It is true that the word "lessor"
is not named; but the sublessee covenanted and agreed to and with
his lessor, his heirs and assigns, that the said lessee "at the end or
sooner termination of this lease shall quit and surrender said prem-
ises in good condition, reasonable wear and tear excepted." That, I
think, is in effect a covenant to deliver to the lessor, the party of the
first part to the instrument and with whom the covenant is made.
The covenant was made with the lessor that at the end or sooner termi-
nation of the lease he would quit and surrender the premises. Cer-
tainly this cannot be understood as a covenant to surrender the prem-
ises to any one but the person with whom the covenant was made.
The lessor in the sublease being entitled, as I construe the lease, to
repossession of the premises on the last day of the term, it seems to

me that under the authorities in this state the transaction is to be considered as a sublease and not as an assignment of the lease.

In Ganson v. Tifft, 71 N. Y. 48, the question was clearly presented and it was there said:

"The instrument referred to contained a provision reserving a right of re-entry for nonpayment of rent, or a breach of other conditions, and that at the expiration of the term, or other sooner determination of the demise, the lessees should quietly surrender and yield up possession of the demised premises to the lessor. This constituted a sublease of the premises, and not an assignment of the entire term, which transferred any right of action against the defendant."

The cases of Collins v. Hasbrouck, 56 N. Y. 157, 15 Am. Rep. 407, Woodhull v. Rosenthal, 61 N. Y. 383, Post v. Kearney, 2 N. Y. 394, 51 Am. Dec. 303, were cited and considered. In Stewart v. L. I. R. Co., 102 N. Y. 601, 8 N. E. 200, 55 Am. Rep. 844, the original lease was the lease for 50 years. What was called the sublease was a lease for 99 years, and it was held that that was an assignment and not a sublease because the original lessee had transferred to the defendant the entire term during which the original lessee was to hold the demised premises as lessee and left no particle of that term in the original lessee, or in his first assignee. But the opinion in that case recognized the rule established in Post v. Kearney, supra, and Ganson v. Tifft, supra, that where, in an assignment of a lease, or in a demise by the lessee for the same term as that granted by the original lease, there is a covenant to surrender to the assignor, this prevents a sublease from operating as an assignment. This has been because the whole instrument taken together has been held to reserve to the original lessee some fragment of the original term, although almost inappreciable in point of duration. The question is not free from doubt; but I think when a lessor comes into a court of equity and asks for equitable relief, based upon a forfeiture, he should present a case free from reasonable doubt, or equity will not interfere, but will leave him to his remedy at law.

I think, therefore, this judgment should be reversed, with costs, and the demurrer sustained, with costs.