IRELAND v. HALL.

(Supreme Court, Appellate Division, First Department. February 2, 1912.)

1. LANDLORD AND TENANT (§ 208*)—RENT—ASSIGNMENT OF LEASE—LIABILITY FOR RENT—ESTOPPEL TO DENY.

Where defendant, the vice president of a lessee corporation, which had sublet the premises, represented to plaintiff, the lessor, that he had taken an assignment of the lease from the corporation, and thereafter collected the rent from the subtenant and remitted the same to plaintiff, who received the same in reliance on the truth of the statement as to assignment of the lease, defendant was estopped to deny his liability for the rent due under the lease, though no formal assignment was in fact executed to him,

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 821–831; Dec. Dig. § 208.*]

2. LANDLORD AND TENANT (§ 209*)—ASSIGNMENT OF LEASE—LIABILITY FOR RENT—POSSESSION.

An assignee of a lease was liable to the landlord for rent due under the lease, though the premises were in the possession of a sublessee of the original lessee, until the sublessee went into bankruptcy, and thereafter in the possession of the trustee in bankruptcy; the possession of the sublessee and the trustee being the possession of the assignee.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 832–834; Dec. Dig. § 209.*]

Appeal from Trial Term, New York County.

Action by John H. Ireland against Henry J. S. Hall. From a judgment for defendant and an order denying a motion for a new trial, plaintiff appeals. Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, MILLER, LAUGHLIN, and DOWLING, JJ.

Henry H. Man, for appellant.
Frederick S. Randall, for respondent.

LAUGHLIN, J. This is an action by the owner of premises known as 93 Reade street, borough of Manhattan, New York, to recover rent of the premises from the 1st day of March, 1908, to the 1st day of February, 1909, upon the theory that defendant was an assignee of a lease thereof in possession. The premises were leased by the plaintiff to the Edgar A. Wilhelmi Company on the 17th day of January, 1905, for three years from February 1st of that year, at a rental of $5,000 for the first year and $5,500 per annum for the balance of the term, payable in equal monthly installments on the 1st of each month in advance, with a privilege of renewal for two years at a rental of $5,500 per annum, which was duly exercised on November 19, 1906, by Wilhelmi, Hall & Co., the successor to the original lessee. The defendant was vice president of Wilhelmi, Hall & Co. Wilhelmi, Hall & Co., on the day it exercised the renewal privilege, executed a sublease of the premises for the balance of the term to the New York House Furnishing Goods Company, to commence January 1, 1907, at a rental, however, of $300 per annum more than that reserved by the plaintiff in the original lease. The sublessee went into possession on · the 1st day of January, 1907. At the time of negotiating this sublease, Wilhelmi, Hall & Co. requested the plaintiff to accept the New York House Furnishing Goods Company as the tenant and to release it from liability under the lease, which he declined; but he consented to the sublease of the premises.

By the sublease, the sublessee was obligated to pay the rent to Wilhelmi, Hall & Co., and did pay the first month's rent to that company, which delivered it all to the defendant, who sent his personal check to William C. Walker's Sons, the agents of the owner, and inclosed it with a letter in which he informed them that he was sending it "as assignee and owner of the lease," and requesting a receipt in the name of the owner by them as agents. This course with respect to the payment of the rent was continued by the sublessee and by the defendant for 13 months more, excepting that during this time the sublessee paid

the rent directly to the defendant. The receipts given by the plaintiff's agents for the rent for January and February, 1907, recited that it was received from Wilhelmi, Hall & Co. The subsequent receipts recited that the rent was received from H. J. S. Hall for Wilhelmi, Hall & Co., and the receipt for the Croton water rent from June 1, 1906, to May 21, 1907, given in July, 1907, was in the same form. It appears that a few days before, or a few days after, the 27th day of December, 1906, a formal assignment of the lease held by Wilhelmi, Hall & Co., as successor to the original lessee, to the defendant, was executed by the president of the company and delivered to his attorney to obtain the signature of the defendant, and this was subsequently returned by the attorney, who informed the president of the company that the defendant would not sign it; but the attorney was not called as a witness, and the defendant did not testify on this point. It does not appear that it was essential that defendant sign the assignment, and the only bearing his failure to sign it has is on the question as to whether he accepted it. The defendant testified that he collected the rent on a verbal understanding between him and Wilhelmi, Hall & Co., and credited the surplus rent on account of a settlement made between him and the president of said company when the defendant severed his connection with the company by which he became entitled to the rent.

The New York House Furnishing Goods Company became bankrupt in February, 1908, and failed to pay rent thereafter, and its trustee in bankruptcy took possession and occupied the premises until June, 1908, without paying any rent or making any agreement with respect thereto. When the sublessee ceased paying rent, the defendant also ceased paying the plaintiff. In February, 1909, plaintiff instituted dispossess proceedings against the defendant as tenant, for nonpayment of the rent. The defendant answered denying that he was a tenant, and thereupon a stipulation was m le giving the owner possession without prejudice to the claims of either party with respect to the liability of the defendant to the plaintiff. On April 9, 1907, the defendant on inclosing a check for rent requested plaintiff's agents to send him a letter from plaintiff, properly witnessed, requesting him to pay the rent to them, and, having received no reply thereto, he wrote them drawing attention thereto 10 days later. On April 25, 1907, defendant wrote plaintiff's agents, saying that he was inclosing a letter signed by plaintiff under date of December 15th, requesting the payment of the rent to the agents, and asking them to have the letter witnessed and returned to him. It does not appear to whom this letter of plaintiff's was addressed, or when it was delivered, and there is no evidence that any of these communications by defendant to the plaintiff's agents were answered. Each month the plaintiff sent a collector to the defendant for the rent, and followed the matter up persistently when there was default in payment of the rent. The defendant always delayed paying the plaintiff until he received a check from the sublessee. On December 13, 1907, in a letter to plaintiff's agents complaining of the annoyance of having the collector call each month, and saying that he would send his check as soon as he received a check from the sublessee, he suggested that plaintiff release

Wilhelmi, Hall & Co. and accept the sublessee as the tenant; but it does not appear that the plaintiff took any action with respect thereto.

After the abandonment of the premises by the trustee in bankruptcy, the keys of the premises were left at the defendant's office with the manager of the defendant's firm; but the evidence does not show by whom or definitely the time, although, perhaps, it gives rise to the inference that it was in the fall of the same year. The evidence also shows that when the plaintiff's agents subsequently desired to obtain access to the premises for the purpose of showing them to a prospective tenant, and for the purpose of having plumbing work done, the keys were obtained at the defendant's office and returned there. The defendant testified that he was not aware that the keys were in his office until about November or December, 1908, and that his attorney subsequently returned them to the plaintiff. During the month of February, 1908, while the sublessee was in possession and before it failed, and for which month the rent was subsequently paid, one of the plaintiff's agents gave the defendant to understand that he would be held personally for the rent, and he denied a personal liability, but did not disavow his former communication to the effect that he was assignee of the lease, and took no steps thereafter, other than as already stated, to surrender possession of the premises to plaintiff. Letters in the record written by defendant show that he subsequently made repeated efforts to rent the premises, and in a letter written to the president of Wilhelmi, Hall & Co. under date of May 11, 1908, referring to the premises in question, he said:

"I am stuck on the building at 93 Reade street. Have not yet found a tenant. It is too bad that I had anything to do with No. 93 Reade street. It was an expensive proposition. If you know of anybody who wants that building, I would thank you for mentioning it."

The learned trial justice submitted to the jury as a question of fact whether or not the defendant was in possession of the premises for the period for which the plaintiff seeks to recover rent *after* the trustee in bankruptcy vacated them; and in that connection instructed the jury as matter of law that the defendant was not in possession of the premises while the sublessee or the trustee in bankruptcy occupied them, and that actual possession by the defendant was essential to the plaintiff's right to recover, but that this might be shown by assuming control and retaining the keys without actually entering upon or occupying the premises. Counsel for the plaintiff duly excepted to these parts of the charge. In answer to an inquiry by the jury, the court instructed them that the defendant could only be held liable on the ground that he was the assignee of the lease or was estopped from denying that he was such assignee, and on the ground that he was in possession, and that plaintiff only seeks to hold him liable as assignee in possession "and not because of any contractual assumption of the payment of the rent." Counsel for the plaintiff, in view of this and other requests made by the jury, sent to the court from the jury room, requested the court to further instruct them that if plaintiff was justified by defendant's letter in believing that he was assignee of the lease and acted thereon to his prejudice by refraining from instituting dispossess proceedings, or otherwise taking possession, they might find

that defendant was estopped from denying that he was assignee, which was declined on the ground that the jury had not asked for further instructions on that point. The plaintiff testified that he refrained from taking any steps to regain possession of the premises relying upon defendant's letter stating that he was assignee of the lease, which afforded a basis for this request. The court gave the jury general instructions on the question of .estoppel presented by the latter and this evidence.

Counsel for the respondent contends, in effect, that the sublease was an assignment of the original lease, and that therefore nothing remained which could be assigned to respondent, and that appellant could not have been misled by his letter, as he should have known the legal effect of the sublease. The sublease, having been for the balance of the term, although at a higher rental, could have been regarded by the appellant as an assignment of the lease. Stewart v. Long Island R. R. Co., 102 N. Y. 601, 607, 8 N. E. 200, 55 Am. Rep. 844; Herzig v. Blumenkrohn, 122 App. Div. 756, 107 N. Y. Supp. 570. The appellant, however, never accepted the sublessee as assignee of the lease, or did anything to release Wilhelmi, Hall & Co. Wilhelmi, Hall & Co. manifestly retained an interest in the lease which was capable of assignment. It remained liable to the lessor, and the sublessee was obligated to pay the rent to it and on default could have been dispossessed, and it would then have had the right to occupy the premises, or again sublet them with the consent of the lessor.

[1] This interest and right it could assign to the respondent, and there is evidence tending to show that it did so, although it is not uncontroverted; but the respondent represented to the appellant that he was the assignee of the lease, and it is therefore not material whether or not such was the fact, provided, as the appellant testified, he relied upon that representation to his prejudice.

[2] The learned court erred in holding that the respondent could not be an assignee in possession of the premises during the period the sublessee and its trustee in bankruptcy occupied them. If the respondent was the assignee of the lease, the possession of the sublessee was his possession. Carter v. Hammett, 18 Barb. 608; Landon v. Townshend, 129 N. Y. 166, 178, 29 N. E. 71. The ruling was most prejudicial to the rights of the appellant, for it left his claim that the respondent was in possession to rest solely on the evidence with respect to the custody of the keys and efforts to rent the premises after the trustee in bankruptcy vacated them. We are also of opinion that the court should have granted plaintiff's request to further instruct the jury with respect to the important question of estoppel.

It follows that the judgment and order should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.