Per Curiam.

Where the instrument from the lessee transfers to the undertenant the identical term which the transferor had received from its lessor and the transferor does not retain a reversion to himself, the instrument, although designated as a sublease, is an assignment (Herzig v. Blumenkrohn, 122 App. Div. 756; Gillette Bros. v. Aristocrat Restaurant, 239 N. Y. 87).
Since the evidence presented factual issues on which conflicting conclusions could be drawn by the jury, it was error to set aside the verdict.
The court likewise erred in granting a final order to landlord as the latter not only did not move for a directed verdict but also stated that the case should go to the jury (Taylor v. Creary, 5 AD 2d 876; Root, Inc. v. Lipstadt, 78 N. Y. S. 2d 11).
The final order should be reversed, with $30 costs, and final order directed in favor of undertenants dismissing the petition, with costs.
Concur — Steuer, J. P., Hofstadter and Aurelio, JJ.
Final order reversed, etc.