WALTER S. CHURCH, Appellant, *v.* JOHN T. SEELEY, Respondent.

A rent charge may be apportioned by the concurring assent or action of both the landlord and tenant.

Plaintiff recovered in ejectment part of a lot held under one of the Van Rensselaer leases, under a provision of the lease authorizing re-entry for non-payment of rent. After the time for redemption had passed, and after re-entry by the landlord, he brought ejectment to recover the balance of the lot which was held under the same lease. On the trial of the latter action it appeared that such severance of the lease by the landlord, in pursuit of his remedy, was preceded by long continued payments by the owner of the parcel in controversy, measured by the proportion which his holding bore to the full quantity of the lot. These payments, although credited upon the whole lease, it did not appear were accepted upon that condition. *Held,* that a severance of the rent by the act and assent of the landlord was a reasonable and just inference; and that the referee in fixing the amount of rent in arrear to be stated in the judgment, as required by the Code of Civil Procedure (§ 1507), properly stated the proportionate share of the parcel sought to be recovered, instead of the whole amount unpaid on the lease.

As to whether a successful re-entry upon a part of premises leased in fee extinguishes the rent upon the remainder, *quære.*

(Argued June 26, 1888; decided October 2, 1888.)

SICKELS—VOL. LXV.    58

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, entered upon an order made January 26, 1886, which affirmed a judgment in favor of plaintiff, entered upon the report of a referee. (Reported below, 39 Hun, 269.)

This was an action of ejectment brought by plaintiff, who claimed, as owner of two leases in fee, known as Van Rensselaer leases; one called the Abbott and Russ lease, covering 152½ acres, known as lot 402; the other called the Tubbs lease, covering 160 acres, known as lot 378. In 1882 the plaintiff recovered, in ejectment for non-payment of rent, all of the land included in the Abbott and Russ lease, except ten acres, and took possession of the same. In 1881 the plaintiff recovered, in ejectment for non-payment of rent, all of the land included in the Tubbs lease, except sixty acres, and took possession. No redemption was made from those recoveries, and the time for redemption has passed. This action was brought to recover the ten acres of lot 402, and 60 60 acres of lot 378, occupied by defendant, for non-payment of rent. The amount due for rent on the Abbott and Russ lease, lot 402, at the time of the recovery in the first ejectment action, was about $4,972.78. The amount due for rent on the Tubbs lease, lot 378, at the time of the recovery in the ejectment action of the 100 acres, was about $2,953.82. The referee in this action directed judgment for plaintiff, and found that the actual amount due on lot 402, at the commencement of this action, was $4,978.81, and that the amount due on the ten acres, sought to be recovered, was $350.61; that the actual amount due on lot 378 was $2,975.45, and that the amount in arrear on the sixty acres, sought to be recovered, was $410.50, making the total in arrear to the plaintiff, $761.11.

*S. W. Rosendale* for appellant. The history of the Van Rensselaer leases and general doctrine as to them and their effect are discussed, and cases reviewed. (Gerard's Titles to Real Estates [2d ed.] 129, 150; *Van Rensselaer* v. *Hays,* 19 N. Y. 68; *Van Rensselaer* v. *Ball,* Id. 100; *Tyler* v. *Heidorn*

46 Barb. 429). The covenants are perpetual and run with the land. (*Central Bank* v. *Heidorn*, 48 N. Y. 260; *Lyon* v. *Odell*, 65 id. 28.) The conditions remain entire, although the land is divided by acts of the parties, and for a breach of it, as to one piece, give the lessor or his assignee the right to re-enter for the whole land. (*Van Rensselaer* v. *Jewett*, 5 Den. 121.) When a demand is made it must be for all the rent due on the whole premises. (*Van Rensselaer* v. *Jewett*, 5 Den. 121, 127; 2 N. Y. 141.) The land, and every part of it, is subject to these rents and conditions; it is a covenant running with the land, and is a rent charge in fee. (*Van Rensselaer* v. *Chadwick*, 24 Barb. 333; affirmed, 22 N. Y. 32.) The rents have been extinguished as to the appellant, because the plaintiff, as the assignee and owner of the lease, re-entered upon, and has possessed himself of, a portion of the premises covered by the original lease. (*Main* v. *Green*, 32 Barb. 448; 460; *Van Rensselaer* v. *Jones*, 2 id. 643–661.) The entry into a part authorized by the lease could not operate as an extinguishment, while in an action on the covenant to recover for rent it might be regarded as an apportionment. (*Van Rensselaer* v. *Jones*, 2 Barb. 643, 661.) In actions on the covenant to recover rent a different rule applies. (*Van Rensselaer* v. *Hays*, 19 N. Y. 85; *Van Rensselaer* v. *Jones*, 42 Barb. 135; *Tyler* v. *Heidorn*, 46 id. 439.) The application having been made by the creditor (landlord) at the time of payment, and the referee having found that the payments were applied on the entire lease, the referee had no power to assume otherwise to apply them, or to assume to apportion them. (*Bank of California* v. *Webb*, 94 N. Y. 467.) The rent in arrear on a lease remains unaffected by the fact that the lease becomes forfeited for non-payment of rent, and tenant evicted, and the landlord will not be prevented from recovering the amount of rent in arrear. The recovery of the land is not satisfaction of rent in arrears. (*Stuyvesant* v. *Davis*, 9 Paige, 427; *McKeon* v. *Whitney*, 3 Den. 452; *Hinsdale* v. *White*, 6 Hill, 507; *Johnson* v. *Oppenheim*, 55 N. Y.

280–293.) Where the landlord ousts the tenant of part he cannot recover rent, but where he re-enters forfeiture, or by special condition for entry into part, then the rent becomes apportioned after the entry. (*Mayor, etc.,* v. *Ketchum,* 67 How. Pr. 161–165.) The whole lease being an entirety, and each holder of part of the premises being bound to see that the whole rent is paid, the Van Rensselaers credited all payments on account of the lease, and the balance remaining unpaid is the amount of rent in arrears. (*Main* v. *Green,* 32 Barb. 448–460.) Apportionment of lands subject to rent charges may take place, but it cannot by any independent act of the lessor. (*Van Rensselaer* v. *Chadwick,* 22 N. Y. 32–35.) If an apportionment is to be made, it is probably to be made on the value of the several parts held by each and not by the quantity. (*Van Rensselaer* v. *Gallup,* 5 Den. 454.)

*William Youmans* for respondent. Plaintiff's act, in suing the occupant of the other portion of the lot, and taking judgment and possession against him, of itself is an apportionment of the rent and land. (McAdam's Landlord and Tenant, 344; Gilbert on Rent, 186; *Van Rensselaer* v. *Chadwick,* 22 N.Y. 32; *Nellis* v. *Lathrop,* 22 Wend. 120; *Van Rensselaer* v. *Bradley,* 3 Denio, 135; 5 id. 454; *Grissler* v. *Dudley,* 58 N. Y. 323; 3 Kent's Com. [6th ed.] 469.) When a portion of the leasehold estate has been recovered by the landlord, the rent is extinguished *pro tanto,* to the extent of such recovery. (*Blair* v. *Claxton,* 18 N. Y. 533; 8 Bacon's Abridgment, Rent Title, L. [ed. 1846) 515, 517; Vaugh, 199; Pollex, 142.) An assignee of a lease can only be made liable upon an implied covenant, beyond the land occupied by him, and the time he actually occupied. (*Astor* v. *Hoyt,* 5 Wend. 603.) By an entry of the lessor into a part of the premises, the whole rent is suspended. He cannot apportion it by a wrongful act. (8 Bacon's Abridgment, 523.) By bringing an action against George Wilson in ejectment, the lessor has elected to declare the lease forfeited, and the tenants are considered trespassers thereafter, and not tenants holding under

the lease. (McAdam on Landlord and Tenant, 189; *Stuyvesant* v. *Davis*, 9 Paige, 427; *Linden* v. *Hepburn*, 3 Sand. 668; 9 N. Y. Legal Observer, 80.)

Finch, J. We agree with the General Term in the result which it adjudged, and should adopt its opinion but for its discussion of a subject not necessarily involved in the case, and the soundness or unsoundness of which we ought not to determine in the present action. That opinion intimates that the effect of plaintiff's successful re-entry upon a part of the premises leased in fee may be to extinguish the rent upon the remainder. The defendant, however, makes no such claim, but concedes the plaintiff's right to re-enter upon such remainder for rent in arrear, and the whole controversy is simply what amount of such rent should be stated in the judgment, as the basis of a possible redemption. The case, therefore, proceeds upon the assumption that there is rent in arrear which should be stated in the judgment, and that the amount is either the whole unpaid rent, treating the lease as an entirety, or the proportionate share of the sixty acres and of the ten acres, treating the rent as having been apportioned.

These manor leases have been held to create a rent charge rather than a rent service; and while at common law it was said that a rent charge could not be apportioned because it issued out of the whole land, we have held that such an apportionment is possible by the concurring assent or action of both the landlord and the tenant. (*Van Rensselaer* v. *Hays*, 19 N. Y. 76; *Van Rensselaer* v. *Chadwick*, 22 id. 34, 35.) And so, the possibility existing, we are concerned only with the facts which are claimed to have effected an apportionment. The plaintiff recovered in ejectment 100 acres of lot 378, which contained the sixty acres additional involved in this action as held under the lease to Martin Tubbs, and the day of redemption has passed. In like manner he recovered and holds the whole of lot 402, except the ten acres owned by the defendant under the lease

to Abbott and Russ, and which ten acres, with the sixty, constitute the lands in controversy. The opinion of the General Term points out very clearly the injustice of a rule which would permit a lessor in fee to have the bulk of the land and at the same time all the rent in arrear, and suggests adequate reasons in support of a different result. The severance of the lease by the landlord in the pursuit of his remedy was preceded by long continued payments by the owners of the parcels in controversy measured by the proportion which their holdings bore to the full quantity of the two lots, and this had continued for many years. These *pro rata* payments were accepted by the lessor, and although credited, as is said, upon the whole lease as an entirety, do not appear to have been accepted upon that condition. And when that long course of dealing is followed by a re-entry upon a part of the land, leaving the defendant undisturbed in the possession of his seventy acres, it would seem as if a severance of the rent by the act and assent of the landlord was a reasonable and just inference.

But beyond that, the application and operation of the common law has been seriously affected by the statutory provisions for redemption, and those which seém to place it in the power of occupants of separate parcels to compel a severance of the action when the remedy sought is ejectment. It does not here appear that the severance relied upon was by compulsion and against the will of the lessor (Code of Civ. Pro. §§ 1504, 1505, 1507, 1516), and treating it as voluntary and in connection with the actual apportionment made and accepted, we think we are justified in affirming the judgment, without, for the present, going beyond the facts before us.

The judgment should be affirmed, with costs.

All concur, except Peckham, J., not sitting.

Judgment affirmed.