### DREYFUSS et al. v. PHILLIPS.

(Supreme Court, Appellate Term. February 24, 1910.)

LANDLORD AND TENANT (§ 208*)—ASSIGNMENT OF LEASE.

Where a lessee of premises, under a covenant not to assign the lease, executed a purported sublease "for the balance of the term," all "with the exception of a space of 10 by 10 feet in the rear of said store," there was an assignment pro tanto as between the lessee and the original landlord, giving the landlord the right to collect the rent from the assignee.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 825; Dec. Dig. § 208.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Samuel Dreyfuss and another against David B. Phillips. Judgment for defendant, and plaintiffs appeal. Affirmed.

Argued before SEABURY, GUY, and WHITNEY, JJ.

Joseph L. Prager, for appellants.
Leo Schafran, for respondent.

PER CURIAM. Plaintiffs were lessees of a certain store, under covenant not to assign the lease. They executed and delivered to defendant an instrument which purported to sublet "for the balance of the term" all "with the exception of a space of 10 by 10 feet in the rear of said store." This was an assignment pro tanto as between them and the original landlord, and gave the latter a right of action against the assignee for the rent. Woodhull v. Rosenthal, 61 N. Y. 382; Stewart v. Long Island R. R. Co., 102 N. Y. 601, 607–609, 8 N. E. 200, 55 Am. Rep. 844. The landlord having demanded the rent of defendant, the latter paid it, and thus has a defense to the present action, which is brought by plaintiffs for the same rent.

The judgment should be affirmed, with costs.