ELLEN A. O'CONNELL, Respondent, *v.* SUGAR PRODUCTS COMPANY, Appellant.

(Supreme Court, Appellate Term, First Department, January Term — Filed March, 1921.)

Pleading — action for rent — sub-tenant — eviction — counterclaim.

In an action for rent an answer pleading as a defense the eviction of defendant's sub-tenant, and, as a counterclaim, the damages resulting from such eviction, is on its face sufficient, and a judgment in favor of plaintiff and for the dismissal of the counterclaim will be reversed and a new trial granted.

APPEAL by the defendant from a judgment of the Municipal Court of the city of New York, borough of Manhattan, fifth district, in favor of plaintiff, and dismissing defendant's counterclaim.

Seligsberg, Lewis & Strouse (Clarence M. Lewis and Jay Leo Rothschild, of counsel), for appellant.

Francis Colety, for respondent.

WAGNER, J. The trial judge correctly stated the existing rule to be that where a lessee sublets the demised premises for the unexpired term the transaction in effect, as far as the original lessor is concerned, is an assignment of the lease, and the original lessor can proceed against the so-called sub-lessee as assignee of the term. *Stewart* v. *Long Island R. R. Co.*, 102 N. Y. 601.

We incline to the view that the dissenting opinion of Judge Finch in the case cited enunciates a better rule governing assignment and subletting; but, as the dissenting judge himself says in his opinion, the old fiction which was deemed to have been disposed of by prior decisions of the Court of Appeals (*Collins* v. *Hasbrouck,* 56 N. Y. 157; *Ganson* v. *Tifft,* 71 id. 54; *Post* v. *Kearney,* 2 id. 394) "regains its old power and begins a new reign. The doctrine which I thought should be dethroned invites to its coronation. I must be permitted to decline."

However, the trial judge in this case overlooked the fact that we must consider between what parties the question arises. Here it arises between the original lessor and lessee, not, as in the *Stewart* case, between the original lessor and lessee's transferee. Under the doctrine of the *Stewart* case, between the original lessee and his lessee or transferee, even though the original lessee demises his whole term, if the parties

intend a lease the relation of landlord and tenant as to all but strict reversionary rights will arise between them. 102 N. Y. 608. So that here, as it clearly appears from defendant's pleading that the intention of the defendant and its transferee, United Realty Alliance, Inc., was a subletting of the premises, under an instrument which reserved the payment of rent to the lessee in monthly installments exceeding by fifteen dollars the monthly rent specified in the original lease, the relation of landlord and tenant exists between the tenant and the United Realty Alliance, Inc., and the transaction as pleaded must be regarded as a subletting and the lessee in this action by the lessor to recover rent has a right to set up an eviction of its sub-tenant as a defense, and damages resulting from the eviction as a counterclaim. In short, the question in this action is what are the rights of the lessee as against the original lessor under the facts pleaded, not what are the rights of the original lessor and the United Realty Alliance, Inc., as between themselves.

It appearing from the answer that plaintiff has prevented defendant's tenant from taking possession of the premises, such an interference on the part of the original lessor would authorize a finding of eviction (*Burn* v. *Phelps,* 1 Stark. 94; *Lawrence* v. *French,* 25 Wend. 443; *Doran* v. *Chase,* 2 Wkly. Notes [Pa.], 609; 2 McAdam Landl. & Ten. [4th ed.] 1414, § 414), and the plea considered as a defense and counterclaim is on its face sufficient.

GUY and McCOOK, JJ., concur.

Judgment reversed and new trial granted, with thirty dollars costs to appellant to abide event.