MIDWAY HOTEL COMPANY, Plaintiff, v. BELLECLAIRE SYNDICATE, INC., Defendant.

City Court of New York, New York County, November 24, 1930.

*Prince & Loeb*, for the plaintiff.

*Joseph G. Abramson*, for the defendant.

STEUER, J. Plaintiff sues as assignee of one Blackman, who through assignment of a certain lease was in possession of the premises known as Belleclaire Hotel. Blackman leased the premises to one Guzardi, who assigned the balance of his term to the Manhattan Island Hotel Corporation. This company made a sublease of a portion of the premises, namely, the stores on the ground floor of the hotel, to three individuals, who in turn assigned their lease to the defendant. Thereafter the Manhattan Island Hotel Corporation assigned the remainder of its term to Snajov Realties, Inc., which in turn leased the entire premises to Belleclaire Hotel Corporation. The defendant attorned to the Belleclaire Hotel Corporation. This suit is for the rent for the month of August, 1928, reserved in the lease from the Manhattan Island Hotel Corporation to defendant's assignors. Admittedly this rent has not been paid to any one. The defense is that there is no privity between the parties giving the plaintiff any rights. To clarify the issue a statement of the position of the parties would be in order. Blackman may be regarded as the paramount landlord, the Belleclaire Hotel Corporation as his tenant. The defendant held a portion of the premises under the Belleclaire Hotel Corporation for the entire unexpired portion of the latter's lease. It is now well settled in this jurisdiction that as between the paramount landlord and a subtenant a sublease of the entire remaining term of the original lessee operates as an assignment and creates privity between the landlord and the subtenant. (*Stewart* v. *Long Island R. R.*, 102 N. Y. 601; *O'Connell* v. *Sugar Products Co.*, 114 Misc. 540.) This means that the landlord is entitled to proceed for the rent reserved in his lease against the subtenant, even though a different rent has been contracted for by the subtenant, " and the assignee, so long as he continues to hold the estate,

is liable directly to the original lessor on all covenants in the original lease \* \* \* including the covenant to pay rent." (*Stewart* v. *Long Island R. R., supra,* 608.) The case at bar presents the question of whether a sublease of a portion of the demised premises for the entire term also operates as an assignment. A search for direct authority is disappointing. The situation arose in *Collins* v. *Hasbrouck* (56 N. Y. 157). Unfortunately at the time of the decision of that case the rules of law above repeated had not been crystallized and the case turned upon another point which is not at present open to discussion. The only guide to the seeker after the law is found in the court's repetition of the argument of counsel. " It is said that \* \* \* the distinction between an assignment and a lease, depends solely upon the quantity of interest which passes, and not upon the extent of the premises transferred." This argument, while neither adopted nor condemned by the court, has the merit of logical accord with the origin of the rule. The reason for the transposing of a sublease (in form at least) to an assignment is feudal and arises from the duties owed by a tenant. If that tenant could leave the premises in possession of one who owed no duty to the landlord the ownership of the land would carry no benefit of fealty with it. The same would be true of a portion of the premises. In the absence of judicial determination that the feudal rule, though now firmly embodied in our law, is to be extended it is difficult to see why it should be permitted to override the difficulties it presents. The ringing words of Judge Finch in his dissent to the *Stewart Case (supra)*, while they did not serve to prevent adoption of the rule, may be of use to curtail its extension. He wrote: " The contrary conclusion plants itself upon a venerable fiction which has outlived its usefulness. A fiction in the law is never to be admired, though it may sometimes be endured; but a needless and harmful fiction should go the way of its numerous fellows which have fallen before the preference for truth. The contract of lease which the parties make, which they intended to make, and to which alone they bound themselves, may, perhaps, be resolved into a different contract involving new liabilities and to a party unknown to the original agreement, where some pressing need or some strong justice compels; but where there is no such compulsion, where the contract *can* stand as it was made, and so ought to stand as it was made, and neither necessity nor justice requires it to be thwarted or modified, I doubt the wisdom of summoning to that work an antiquated fiction which the authorities in this State have been slowly stripping of its possessions and preparing for burial." And: " But in the present decision it regains its old power and begins a new reign. The doctrine which I thought should be

dethroned invites to its coronation " (p. 629). What is the landlord entitled to recover in the case at bar? Surely not the rent reserved for the entire premises. But that is the only rent provided for in his lease. To the sublease he is a stranger, and there is no authority which allows him to collect the rent reserved therein or any sum other than the rent he himself contracted for. Any other holding would outrage every rule of contract law. These difficulties make it impracticable to hold that a *bona fide* sublease of a portion of the demised estate constitutes an assignment, and for that reason there being no privity between the parties this suit cannot be maintained. But it is argued the judgment in the summary proceeding in the Municipal Court by which this defendant was dispossessed conclusively establishes a relationship of landlord and tenant between plaintiff's assignor and defendant. This would be so if that question were necessary to the decision in the Municipal Court, but it was not. The situation and the result would have been exactly the same there if this were an undisputed case of a sublease. Verdict directed for defendant, with exception to the plaintiff.