EMMA ROHDENBURG, Appellant, *v.* SOL. LAZARUS, INC., Respondent, Impleaded, etc.

Supreme Court, Appellate Term, First Department, July 14, 1933.

*David M. Berger*, for the appellant.

*Samuel Marion*, for the respondent.

FRANKENTHALER, J. In this action against Benjamin Seidman, lessee, and Sol. Lazarus, Inc., alleged assignee, to recover rent, judgment was directed in favor of plaintiff against the lessee, and the complaint was dismissed as against the assignee.

The lease, dated January 29, 1932, is for the term of five years beginning May 1, 1932, and the monthly rental provided for during the first five months of the term — May to September inclusive — is $325.

The lessee did not occupy the premises; they were actually occupied by the alleged assignee Sol. Lazarus, Inc. (hereinafter referred to as the corporation), from prior to May 9 to September 30, 1932. The lessee testified that he " sublet " the premises to the corporation, and he notified plaintiff of such subletting May 9, 1932.

By check dated the same day as the lease, January 29, 1932, the corporation paid $325, the stipulated rent for the first month of the term, to the lessee, and the latter indorsed the check to plaintiff. For each of the months of June, July and August follow-

ing the corporation delivered its check for $225 to the lessee, which was likewise indorsed by the lessee to plaintiff. No rent was paid for September. The plaintiff's demand is made up of $100 unpaid for each of the months of June, July and August, and $325 for the September rent.

The terms of the so-called subletting by the lessee to the corporation do not appear.

" Where a person other than the lessee is shown to be in possession of leasehold premises the law presumes that the lease has been assigned to him. It further presumes that the assignment was sufficient to transfer the term and to satisfy the Statute of Frauds." (*Mann* v. *Munch Brewery*, 225 N. Y. 189.) The claim of the lessee that he had " sublet " to the corporation did not, in the absence of evidence showing the terms or scope of the alleged subletting, rebut the presumption of an assignment in this case; that is, at least, of a subletting for the term of the lease. Such a subletting would " as to the landlord, amount to an assignment of the lease, and the essence of the instrument as an assignment, so far as the original lessor is concerned, will not be destroyed by its reserving a new rent to the assignor with a power of reentering for non-payment, nor by its assuming, by the use of the word demise or otherwise, the character of a sub-lease; and the assignee, so long as he continues to hold the estate, is liable directly to the original lessor on all covenants in the original lease which run with the land, including the covenant to pay rent." (*Stewart* v. *Long Island R. R. Co.*, 102 N. Y. 601, 608; and see *Benoliel* v. *New York & Brooklyn Brewing Co.*, 144 App. Div. 651; *O'Connell* v. *Sugar Products Co.*, 114 Misc. 540; Keogh Landl. & Ten. Summary Proceedings, 184.) Neither the lessee nor the defendant corporation choosing to disclose its interest in the lease or by what right it took and retained possession of the demised premises, the presumption of an assignment was not destroyed and respondent is liable.

Judgment so far as appealed from reversed, with thirty dollars costs against respondent corporation, and judgment directed against both defendants as prayed for in the complaint, with costs.

All concur; present, LYDON, CALLAHAN and FRANKENTHALER, JJ.