NEW AMSTERDAM CASUALTY COMPANY, Plaintiff, *v.* NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., Defendant.*

Supreme Court, New York County, November 3, 1933.

* Affd., 241 App. Div. 813. But see *Midway Hotel Co.* v. *Belleclaire Syndicate* (138 Misc. 401).

*Albert J. Hiers* [*Hyman Grill* of counsel], for the plaintiff.

*Norman S. Rein* [*Robert H. Boynton* of counsel], for the defendant.

WALSH, J.   On March 9, 1929, plaintiff leased space consisting of certain rooms on the thirteenth and first floors of No. 60 John street, New York city, to the Federal Surety Company of Davenport, Iowa.   The term of the lease was five years, beginning May 1, 1929, and ending on the last day of April, 1934.   On April 20, 1931, the Federal Surety Company leased to defendant for the term of three years, beginning May 1, 1931, and also ending on the last day of April, 1934, the space on the thirteenth floor theretofore demised to it by plaintiff.   Except for the difference as to space, amount of rent and parties the leases are identical.   Each lease reserved the right of re-entry for condition broken and provided for surrender of the premises at the expiration or other termination of the term.   In the lease by the Federal Surety Company to defendant the latter is designated as subtenant and the former as landlord. Neither defendant nor the Federal Surety Company paid the rent to plaintiff, which, under the provisions of their respective leases, was payable monthly in advance for the months of June, 1931, to March, 1933, and plaintiff sues to recover from defendant its proportionate share of the rent reserved in the lease by it to the Federal Surety Company, claiming that the lease by the latter to the defendant of a portion of the premises leased by plaintiff to the Federal Surety Company is an assignment *pro tanto*.   Defendant does not deny non-payment of the rent but disclaims liability on the ground that the lease to it is a sublease and not an assignment. It further claims that it is not liable to plaintiff for the following

reasons: (1) That the Federal Surety Company was dissolved on September 25, 1931, and that pursuant to the decree of dissolution the lease between it and the plaintiff was canceled and extinguished, and hence, as the lease by the Federal Surety Company to defendant was carved out of and dependent for its existence upon the continued existence of the lease between plaintiff and said Federal Surety Company, there can be no obligation by defendant to plaintiff beyond the time of such cancellation and extinguishment; (2) that plaintiff, by contract entered into between it, the Federal Surety Company and defendant, expressly agreed that the Federal Surety Company might sublet the premises to defendant and that defendant was to pay the rent to the Federal Surety Company and consequently it is now estopped from claiming that the lease in suit is an assignment; (3) that defendant, on February 27, 1932, surrendered the premises to the Federal Surety Company; (4) that plaintiff, by its acts and conduct, is estopped from now claiming that defendant is an assignee, and (5) that a prior action is pending between the same parties for the relief herein sought.

The distinction between an assignment and a sublease is well established. A transfer by the lessee of the whole or a specific part of the leasehold estate for the residue of the term is an assignment. A transfer by the lessee of the whole or a specific part of the leasehold estate for a part of the term is a sublease. The distinction between an assignment and a sublease depends upon the quantity of interest that passes by the transfer and not upon the extent of the premises involved. An assignment transfers the entire estate in the leasehold, or, if the assignment be merely *pro tanto*, it passes the entire interest in such part of the demised premises. Even if the instrument be in the form of a sublease it will operate as an assignment if the whole estate is conveyed. Here the instrument assigned the entire estate of the Federal Surety Company to the thirteenth floor without any reservation therein in itself. Consequently, a privity of estate was at once created between its assignee, the defendant and the plaintiff, and the latter has a right of action directly against the defendant assignee on the covenant to pay rent. While the instrument contained a reservation of right of re-entry and also provided for surrender at the expiration of the term, this does not affect its operation as an assignment. (*Herzig* v. *Blumenkrohn*, 122 App. Div. 756; *Gillette Bros.* v. *Aristocrat Restaurant, Inc.*, 239 N. Y. 87.)

There was introduced in evidence by defendant, to establish that the Federal Surety Company retained a reversionary interest in the lease, the testimony of the broker who negotiated the lease. This was to the effect that at the time of the making of the lease

there was an understanding between the parties that the Federal Surety Company would have the right to remove the linoleum that was on the floor of the premises, and which belonged to it, on the last day of the term. In view of the express admission in the answer that the lease attached to the complaint was the one entered into between the parties and also in view of the fact that the testimony violates the parol evidence rule, it would seem that this testimony is not binding on plaintiff. But, assuming its admissibility, the privilege given is merely the granting of a personal right and does not affect the duration of the transfer. The right thus given cannot be construed as an agreement to surrender the premises to the Federal Surety Company or the reservation to it of the right to occupy the premises for any length of time to the exclusion of defendant prior to the ending of the term.

It was conceded upon the trial that the Federal Surety Company was dissolved by statutory decree on September 25, 1931, and that pursuant to said dissolution its lease from plaintiff was canceled and extinguished. Defendant contends that as the lease to it is dependent upon the existence of the relationship of landlord and tenant between plaintiff and the Federal Surety Company, the same was destroyed by such cancellation and extinguishment. The cancellation of the lease to the Federal Surety Company could not affect the privity of estate that was created between plaintiff and defendant. What happened thereafter between plaintiff and the Federal Surety Company is immaterial so far as the relationship between plaintiff and defendant is concerned.

The so-called contract which defendant asserts was entered into between plaintiff, the Federal Surety Company and defendant is a letter written by the brokers who were agents of plaintiff authorized to negotiate and execute leases in its behalf respecting the premises No. 60 John street. This letter was written at least a month after the lease was entered into between the Federal Surety Company and defendant and was addressed to the surety company. In substance it stated that in answer to the request of the Federal Surety Company dated April twenty-second they had permitted defendant to take possession of the premises as the subtenant of said company and that " as we understand it they will pay their rent directly to you." This letter is without probative force so far as affecting the relationship between the parties as fixed by the lease between the Federal Surety Company and defendant. It is merely a consent by the Federal Surety Company to a subletting to defendant, which consent, incidentally, was requested after the lease between the Federal Surety Company and defendant had been executed and was given long afterwards.

The defense of a surrender has not been established. The testimony is to the effect that the defendant on or about February 29, 1932, delivered the keys of the premises to the secretary of the receiver of the Federal Surety Company, and that the secretary forwarded the same to the receiver and never received them back. As above shown, the Federal Surety Company had no reversionary interest and hence the surrender to be effective should have been made to plaintiff. Further, the testimony falls short of establishing a surrender. It is settled law that a tenant cannot relieve himself of his liability for rent by vacating the premises during the term and sending the keys to the landlord. The reason for this is that one party to a contract cannot rescind his obligation at his pleasure. Surrender is a contractual act and it occurs only through the consent of both parties evidenced by a proper agreement or unequivocal act which implies that they have agreed to consider the surrender as being made. Mere delivery and retention of the keys is not sufficient.

The contention that plaintiff by its conduct is estopped from claiming that defendant is an assignee is without merit. None of the elements necessary to constitute an estoppel has been established.

With respect to the defense of a prior action pending it appears that plaintiff heretofore recovered judgment against the Federal Surety Company for rent under its lease. In said action plaintiff procured a warrant of attachment which it delivered to the sheriff who served the same upon defendant. Plaintiff thereafter instituted suit against defendant in aid of its attachment alleging that defendant was indebted to the Federal Surety Company for rent by virtue of the lease between the latter company and defendant and judgment for the amount of such rent was demanded. This action is for rent. In the first action the rent is claimed to be due from defendant to the Federal Surety Company. In this action it is claimed to be due to plaintiff. The causes of action are different. Whether or not they are inconsistent is not material so far as this defense is concerned.

The defenses are not established and are dismissed. Plaintiff has shown that the rent agreed to be paid by defendant for the space leased to it is a fair and equitable rent in proportion to the rent agreed to be paid by the Federal Surety Company under the lease of the entire premises to it by plaintiff. Accordingly a verdict is directed for plaintiff against defendant for the sum of $13,895, with interest as demanded in the complaint. Execution is stayed thirty days after entry of judgment. Exception to defendant. Thirty days' stay; sixty days to make and serve a case.