New Amsterdam Casualty Company, Respondent, *v*. National Union Fire Insurance Co. of Pittsburgh, Pa., Appellant.

(Argued January 18, 1935; decided February 26, 1935.)

*Joseph Thurlow Weed, Bert Cotton, Clarence E. Mellen, Ellis A. Bates, Ellis J. Bisgyer* and *Norman S. Rein* for appellant. A sublease which does not include the entire premises covered by the main lease, even though it is for the entire term, is not an assignment. (*Gillette Bros., Inc., v. Aristocrat Restaurant, Inc.*, 239 N. Y. 87; *Herzig v. Blumenkrohn*, 122 App. Div. 756; *Prescott v. DeForest*, 16 Johns. 159; *Woodhull v. Rosenthal*, 61 N. Y. 382; *Dreyfuss v. Phillips*, 121 N. Y. Supp. 378; *Midway Hotel Co. v. Belleclaire Syndicate, Inc.*, 138 Misc. Rep. 401; *Collins v. Hasbrouck*, 56 N. Y. 157.) The agreement between the original lessor and the defendant, when read together with the terms of the plaintiff's consent thereto, indicates that the transaction resulted in a sublease and not an assignment. (*Leibowitz v. Bickford's Lunch System*, 241 N. Y. 489.)

*Hyman Grill* and *Albert J. Hiers* for respondent. The defendant is liable to the plaintiff as assignee *pro tanto* on the basis of the proportionate rent, or on the basis of the rent reserved in the lease to the defendant. (*Dreyfuss v. Phillips*, 121 N. Y. Supp. 378; *Church v. Seeley*, 39 Hun, 269; 110 N. Y. 457; *Woodhull v. Rosenthal*, 61 N. Y. 382; *Prescott v. DeForest*, 16 Johns. 159; *Childs v. Clark*, 3 Barb. Ch. 52; *Van Rensselaer v. Jones*, 2 Barb. 643; *Van Rensselaer v. Bradley*, 3 Den. 135; *Van Rensselaer v. Gallup*, 5 Den. 454; *Van Rensselaer v. Gifford*, 24 Barb. 349; *Van Rensselaer v. Bonesteel*, 24 Barb. 365; *Sheridan v. Doherty*, 106 Wash. 561; *Barnes v. Standard Oil Co.*, 167 Wash. 609; *Hogg v. Reynolds*, 61 Neb. 758; *Babcock v. Scoville*, 56 Ill. 461; *Hollywood v.*

*First Parish in Brockton,* 192 Mass. 269; *Dunlop v. Bullard,* 131 Mass. 161; *McNeil v. Kendall,* 128 Mass. 245; *Waterville v. Kelleher,* 127 Me. 32; *Ellis v. Bradbury,* 75 Cal. 234.)

HUBBS, J. The respondent, owner of a building, leased a part of the thirteenth floor and a part of the first floor to the Federal Surety Company, at a fixed annual rental for a term of five years ending on the 1st day of April, 1934. Thereafter, the Federal Surety Company executed, in form, a sublease of a part of the thirteenth floor to the appellant for the balance of the term specified in the original lease. Except for the differences as to space, amount of rent and parties, the original lease and the instrument executed between Federal, the original lessee, and appellant are identical in form. Appellant went into possession under its agreement with the Federal and continued in possession of a part of the thirteenth floor until the Federal became insolvent and a receiver was appointed.

It is conceded that the insolvency proceedings under the laws of the State of Iowa canceled all contracts of the Federal, including the lease between respondent and Federal. Shortly after the appointment of the receiver, the appellant vacated the thirteenth floor and turned the key over to the agent of the receiver. Respondent commenced this action in the Supreme Court to recover from the appellant several months' rent due under its agreement with the Federal.

The Trial Term, in which this action was tried without a jury, filed a written opinion (151 Misc. Rep. 894), findings of fact and conclusions of law having been waived, in which opinion it was found that the agreement between the Federal and the appellant constituted an assignment *pro tanto* of the original lease and not a sublease; also that it had been established that the rent agreed to be paid by appellant for the space occupied by it was fair and equitable in proportion to the rent agreed to be paid

by the Federal under the original lease of the premises leased to it by the respondent. The court directed a verdict for the respondent against the appellant for the amount demanded in the complaint. The judgment of the Trial Term has been unanimously affirmed by the Appellate Division. (241 App. Div. 813.)

The primary question with which we are concerned on this appeal is whether a lessee by transferring a portion of the premises which he holds under an original lease to a third party for the entire balance of his term thereby makes an assignment *pro tanto* of the original lease or a sublease. It is conceded that this court has never directly passed upon this question in an action for the recovery of rent between an original lessor and an assignee of a lessee of a portion of the premises covered by the original lease. The question has been passed upon in actions where recovery was sought otherwise than on the covenant to pay rent.

In *Woodhull* v. *Rosenthal* (61 N. Y. 382) plaintiff was the assignee of the lessee of a portion of premises which the owner had leased to one Kelly. Kelly assigned his lease to the defendants, who were in actual possession of the premises leased by Kelly to plaintiff's assignor. The plaintiff brought an action in ejectment against defendants, who set up as a defense that plaintiff was estopped by his conduct from claiming his interest. This defense was good only if there existed the relationship of landlord and tenant between the plaintiff and the defendants. If the lease which plaintiff held was a sublease then such relationship existed. If he was an assignee *pro tanto*, the relationship did not exist. The court held that there was no relationship of landlord and tenant between the plaintiff and the defendants, saying that plaintiff was not a sublessee but an assignee of a portion of the premises. The court said: " The owner of the lease of the lot in controversy made over to the plaintiff's assignor his entire interest in the lease, so far

as the *locus in quo* was concerned. It was not a sublease, but an assignment of all the lessee's interest in a part of the premises. If a lessee has two . houses embraced in one lease at an entire rent, and sells all his interest in one of the houses, this is an assignment *pro tanto*, and not a subletting. It is immaterial what form of instrument is used, whether it purports to be an assignment or a new lease. The essential distinction between an assignment and a sublease is simply this: If a lessee, by any instrument whatever, whether reserving conditions or not, parts with his entire interest, he has made a complete assignment; if he has transferred his entire interest in a part of the premises, he has made an assignment *pro tanto* " (p. 391).

The question has been considered frequently in various types of actions in the lower courts. In *Dreyfuss* v. *Phillips* (121 N. Y. Supp. 378, not officially reported) the defendant, an assignee of a portion of the demised premises, was sued by his assignor for rent. He had paid the original landlord and the defense of payment to the original landlord was sustained. The court said: " This was an assignment *pro tanto* as between them [plaintiffs] and the original landlord and gave the latter a right of action against the assignee for rent."

In *Church* v. *Seeley* (39 Hun, 269; affd., 110 N. Y. 457) plaintiff was the owner of the rents reserved in a lease and had recovered in ejectment for non-payment of rent of all the land included in the lease except ten acres. He brought a second action to recover the rent for the remaining ten acres. The referee found that there was due on the ten acres $350. Plaintiff appealed and insisted that the referee should have found as due the amount payable on the lot of which the ten acres was a part. The court said: " The defendant was not a party to the leases. He is only an assignee of part of the land. His personal liability is to be apportioned according to the value of his land " (p. 274).

That limited liability was found to exist, however, in favor of the owner of the rents of the entire parcel, whose position corresponded to that of the original lessor.

In *Prescott* v. *DeForest* (16 Johns. 159) the question involved was whether a purchaser at a public sale could obtain good title. To uphold the purchaser's title, the court held that the plaintiff was an assignee *pro tanto* rather than an under-tenant.

In *Van Rensselaer* v. *Jones* (2 Barb. 643) the original landlord brought an action against the assignee of a portion of the demised premises to recover rent on the entire premises. The court ruled that the burden was upon the defendant to deny his liability for the entire rent and that denial would create the issue of what rent he would be liable for, thus recognizing the liability of the assignee to the original landlord. To the same effect are *Van Rensselaer* v. *Bradley* (3 Den. 135); *Van Rensselaer's Executors* v. *Gallup* (5 Den. 454); *Van Rensselaer* v. *Gifford* (24 Barb. 349); *Van Rensselaer* v. *Bonesteel* (24 Barb. 365).

The same rule is laid down by the English cases (18 Halsbury's Laws of England, p. 590, § 1129) and is stated by text writers. It is the law in most of the States. (Cf. 36 C. J. p. 376, and cases cited.)

The distinction between an assignment and a sub-tenancy is based upon the principle of a two-fold privity existing between a landlord and tenant. A privity of contract and a privity of estate. The first rests upon the terms of the agreement between the parties — the second upon the interest in the real property leased. If the lessee transfers his entire interest in the real property covered by the lease or of part thereof, to a third party who enters into possession, such transfer constitutes an assignment of the lease and the assignee becomes directly liable to the original landlord as the transfer creates a privity of estate between the landlord and the transferee of the lease or of a part thereof. In order to constitute

an assignment, the transfer from the original lessee must convey the entire interest of the lessee. If he retains a reversionary interest in the real property transferred, privity of estate does not arise between the landlord and the transferee; the transfer does not constitute an assignment and the landlord cannot enforce the payment of rent by the transferee to himself. The transfer under such circumstances constitutes a sublease and the relation of landlord and tenant does not exist between the original lessor and the transferee. In *Damainville* v. *Mann* (32 N. Y. 197, 205) the court said: " When the demised premises are held by divers assignees of the term in several parts, the rent, which is a common charge upon all the parts, may be apportioned amongst them according to the extent of their several shares."

As opposed to the general recognition of the rule that an assignment of a part of demised premises for the remainder of the term constitutes an assignment *pro tanto* of the original lease and not a sublease, we have the decision in *Midway Hotel Co.* v. *Belleclaire Syndicate, Inc.* (138 Misc. Rep. 401). That case presented the precise issue now under discussion and the City Court held that even though it was for the entire term, the agreement was a sublease and not an assignment. The court there refers to *Collins* v. *Hasbrouck* (56 N. Y. 157), which was an action in ejectment based on an alleged breach of a covenant against subletting. The plaintiff had indorsed a consent on the sublease upon being informed that it was for a limited term, whereas the sublease contained a privilege to the sublessee to extend the term for the remainder of the term of his lessor. The lower court found for the plaintiff. In the Court of Appeals the defendant argued that the conveyance amounted to an assignment and not a sublease on the ground that the entire term of the lessee had been transferred even if the entire premises were not. The court held it to be a sublease and not an assignment.

The original lease under consideration there specified a definite term. There was a stipulation for a right of re-entry on non-payment of rent and on the breach of certain conditions. The under-lease from the lessees to defendant reserved rent at a new rate and on a new time of payment and, the court found, for a term to which the plaintiff-lessor did not consent. Therefore, the lessees breached the covenant not to sublet and the lessor had the right to re-enter. The court said: " The Bronners [lessees] did not part with their whole interest in the premises and in the lease thereof to them " (p. 163).

Under the findings of the jury in that case, the transfer by the lessees to the defendant constituted a violation of the condition of the original lease giving the landlord the right to re-enter for breach of condition. Therefore, the transfer by the lessees to the defendant did not constitute a transfer of their entire term and was not an assignment of the lease but was a subletting. The case is not an authority in conflict with *Woodhull* v. *Rosenthal* (*supra*). It cannot be inferred that the Court of Appeals would have held likewise had the facts been similar to those in the instant case and in *Midway Hotel Co.* v. *Belleclaire Syndicate, Inc.* (*supra*), in which cases there was a transfer of the entire term.

" An opinion which is to overrule all former precedents, and to establish a principle never before recognized, should be expressed in plain and explicit terms. A mere implication ought not to prostrate a principle which seems to have been so well established." (Per Chief Justice MARSHALL, *Trial of Burr*, 4 Cranch, 469, 481.)

In *Woodhull* v. *Rosenthal* (*supra*) the decision rests squarely upon determination of the issue here involved and cannot be presumed to be overruled by implication.

The defendant argues that dire consequences may result if this judgment is affirmed as it would make liable for rent to the original landlord a sublessee who took space in leased premises on the faith of continued occu-

pancy of the premises by the original lessee. However that may be, the great weight of authority is contrary to the defendant's contention both in this State and other jurisdictions. This court has in effect expressed approval of the rule here applied by the trial court. There is no compelling reason for a departure from the rule so long established. If a change in the law is to be made, it must be made by the Legislature. Moreover, equally cogent reasons may be advanced in support of the doctrine and its effects may easily be contracted against.

We have carefully considered the other exceptions called to our attention by appellant, but do not find that they constitute reversible error.

The judgment should be affirmed, with costs.

CRANE, Ch. J., LEHMAN, O'BRIEN, CROUCH and LOUGHRAN, JJ., concur; FINCH, J., not sitting.

Judgment affirmed.