In re BRENTANO'S, INC., Brentano's Texas, Inc., Brentano's Missouri, Inc., Debtors.

Bankruptcy No. 82 B 10955.

United States Bankruptcy Court, S.D. New York.

May 4, 1983.

Levin & Weintraub & Crames, Murray, Hollander, Sullivan & Bass, New York City, for debtor.

Allen Jay Bodner, New York City, for Roy Am Properties, Inc.

JOHN J. GALGAY, Bankruptcy Judge.

Brentano's Inc., Chapter 11 debtor and debtor in possession, seeks to assume and assign its entire leasehold interest in office premises on the third and fourth floors of an office building located at 545 Fifth Avenue, New York, New York. Brentano's proposes to assign *pro tanto* ("for so much; for as much as may be" *Black's Law Dictionary* 1100 (5th ed. 1979) ) its entire leasehold interest in the fourth floor to the firm offeror. Brentano's will seek to assign the third floor space, but will remain liable on the lease until such assignment or, if unavailing, then assume or reject the third floor space. Both third and fourth floor spaces comprise one lease with the landlord, Roy Am Properties, Inc., ("Roy Am"), which opposes Brentano's application.

The Court has considered the arguments presented at the March 5 and March 18, 1983 hearings, the papers submitted, and the applicable law. For the reasons set forth below, the Court grants Brentano's application for *pro tanto* assignment of its leasehold interest.

*Background*

The pertinent facts are few. Brentano's is the lessee of certain office space on the third and fourth floors of an office building located at 545 Fifth Avenue, New York, New York. The space on both floors is let pursuant to one lease agreement between Brentano's and the landlord, Roy Am. Brentano's has actively sought assignees of the leased space. It has a firm offeror for the 3,005 square feet located on the fourth floor and a strong interest expressed by another party for the 11,000 square feet located on the third floor. Brentano's proposes to assign *pro tanto* its entire leasehold interest in the fourth floor space to the firm offeror. Brentano's will remain liable for the third floor space and expresses an intent to assign that floor as well. The two floor spaces do not form one unit space;

they are separate areas which are subsumed in one lease.

Roy Am disputes the validity of an assumption and assignment *pro tanto*. Contending that pro tanto assignments are recognized only for a landlord's benefit or protection, Roy Am first asserts that *pro tanto* assignment is inapplicable here. Second, Roy Am argues that after an assignment a landlord must be left in a situation "identical to that existing immediately prior to the commencement of the case...." Memorandum of Law submitted by Roy Am Properties, Inc. at p. 8 [hereinafter "Roy Am Memorandum"]. *Pro tanto* assignment, according to Roy Am, would permit Brentano's to avoid the burdens of the lease and deny Roy Am its alleged right to be restored to an identical, pre-filing status. Third, Roy Am maintains that Congress intended only one assignee when a debtor assumed and assigned an unexpired lease pursuant to Code section 365(f).[1]

Code section 365 governs assumption and assignment, providing broad authority to a debtor to assume and assign an unexpired lease and expressing a clear Congressional policy that potentially valuable assets inure to the benefit of a reorganizing debtor. 11 U.S.C. § 365(a), (b), (f); *see* Report of the Committee on the Judiciary, *Bankruptcy Law Revision,* H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 347–8 (1977) [hereinafter "House Report"]; Report of the Committee on the Judiciary, *Bankruptcy Reform* S.Rep. No. 95–989, 95th Cong., 2d Sess. 58–9 (1978) [hereinafter "Senate Report"], U.S. Code Cong. & Admin.News 1978, p. 5787. *In re U.L. Radio Corp.,* 19 B.R. 537 (Bkrtcy. S.D.N.Y.1982); *In re Lafayette Radio Elec-* *tronics Corp.,* 9 B.R. 993 (Bkrtcy.E.D.N.Y.); 2 *Collier on Bankruptcy* ¶ 365.01 (15th ed. 1982).

## Issue

The issue confronted is whether the debtor may assume and assign its entire interest in a portion of a leasehold (*i.e., pro tanto* assignment) which is reasonably susceptible to partition.

## Discussion

The Court will first determine whether the Bankruptcy Code forbids *pro tanto* assignments. Then, the Court will examine their legality under state law.

### A.   Under the Code

As noted earlier, the debtor's authority to assume and assign an unexpired lease under Code section 365 is broad. Indeed, Roy Am readily concedes this right of the debtor, stating: "[N]o dispute exists that, under the Bankruptcy Code, Brentano's may assign the lease in question. It is only the manner of assignment that is at issue...." Roy Am Memorandum at p. 5.[2]

Assignment of a lease must comply with Code section 365(f), which, in pertinent part, states:

(f)(1) Except as provided in subsection (c) of this section, notwithstanding a provision in an executory contract or unexpired lease of the debtor, or in applicable law, that prohibits, restricts, or conditions the assignment of such contract or lease, the trustee may assign such contract or lease under paragraph (2) of this subsection.

(2) The trustee may assign an executory contract or unexpired lease of the debtor only if—

1. In a different vein, Roy Am also contests Brentano's intent to be relieved of liability for any breach after assignment. Roy Am offers no basis for its proposition but for an indiscriminate reference to the Fifth Amendment of the United States Constitution. This issue was not addressed at length by either party. The Court notes that Brentano's is relieved of post-assignment breaches of the lease by Code section 365(k) which provides:

Assignment by the [debtor] to an entity of a contract or lease assumed under this section relieves the trustee and the estate from any liability for any breach of such contract or lease occurring after such assignment.
In addition, Brentano's will remain liable for that portion of the lease that remains unassigned.

2. The ability to assign, notwithstanding any anti-assignment lease provisions is made clear in Code section 365(f) which "invalidates contractual provisions that permit termination or modification in the event of an assignment, as contrary to the policy of this subsection." *House Report* at p. 349; *Senate* Report at p. 59, U.S.Code Cong. & Admin.News 1978, p. 6305.

(A) the trustee assumes such contract or lease in accordance with the provisions of this section; and

(B) adequate assurance of future performance by the assignee of such contract or lease is provided, whether or not there has been a default in such contract or lease.

Roy Am argues that the language of section 365 precludes *pro tanto* assignment because the use of the singular "assignee" evidences a Congressional intent to permit only one assignee. Roy Am offers no Code section or legislative history which supports such a construction. Further, Roy Am ignores rules of construction as defined in Code section 102 which states that "the singular includes the plural." 11 U.S.C. § 102(7).

■ With the restrictions of subsection (f)(2) satisfied, assignment to more than one assignee is not prohibited by section 365. Subsection (f)(2) "imposes two restrictions on assignment by the [debtor]: (1) he must first assume the contract or lease, subject to all restrictions found in the section; and (2) adequate assurance of future performance must be provided to the other contracting party." *House Report* at 349; *Senate Report* at 59, U.S.Code Cong. & Admin.News 1978, p. 6305.

The requirements found in section 365 will be met in this case. All defaults will be cured. 11 U.S.C. § 365(b). The constraints of non-assumable contracts and time limitations are not at issue here. 11 U.S.C. § 365(c), (d).

The second requirement of assignment is adequate assurance of future performance by the assignee. The primary focus of any inquiry into adequate assurance will be the ability of the assignee to satisfy the financial obligations of the lease. *See In re Lafayette Radio Electronics Corp.,* 9 B.R. 993, 998 (Bkrtcy.E.D.N.Y.1981); *In re U.L. Radio Corp.,* 19 B.R. 537, 542 (Bkrtcy.S.D.N.Y.1982). The potential assignees abilities to meet the financial obligations of the lease have not been determined; such inquiry is reserved for a future hearing.

However, as this Court has observed: "[A]dequate assurance of future financial performance is not the complete statutory requirement; adequate assurance of future performance is." *In re U.L. Radio Corp.,* 19 B.R. at 543. Congress had indicated that adequate assurance will give the landlord the full benefit of his bargain. *House Report* at 348; *Senate Report* at 59.

Full benefit of the bargain does not require returning a landlord to an identical pre-filing status, *i.e.* with one tenant under this lease. Permitting *pro tanto* assignment by Brentano's will not deny Roy Am the full benefit of its bargain under the lease. First, nothing in the lease prohibits *pro tanto* assignments. The lease provisions concerning assignment refer to landlord's consent, which will not be unreasonably withheld (lease Article 11), and to assignment to Brentano affiliates (Lease Article 56), not at issue here.

■ Second, even if the lease were construed as restricting *pro tanto* assignments, provision of adequate assurance of the full benefit of the bargain "does not require an assignee's literal compliance with each and every term of the lease." *In re U.L. Radio Corp.,* 19 B.R. at 544. (permitting deviations from strict enforcement of any provision including a use clause); *see* Simpson, *Leases and the Bankruptcy Code: Tempering the Rigors of Strict Performance,* 38 Bus.Law. 61, 77 (1982); *In re Huntington Limited,* 654 F.2d 578 (9th Cir.1981).

Third, *pro tanto* assignment will not deny the landlord any benefit nor permit Brentano's to avoid any burden of the lease. *See In re Pin Oaks Apartments,* 7 B.R. 364, 6 B.C.D. 1396, 1400 (Bkrtcy.S.D.Tex.1980) (citing *Hurley v. Atchison, Topeka & Santa Fe Ry.,* 213 U.S. 126, 29 S.Ct. 466, 53 L.Ed. 729 (1909), for the proposition that both the benefits and the burdens must be assumed and assigned). The two spaces to be assigned are on separate floors, unconnected, and do not form any logical unit. If Brentano's assigns but one of the spaces, it will remain liable on the other space. Adequate assurance of future performance will be provided by each assignee and the require-

ments of the Bankruptcy Code will be satisfied. Benefits and burdens will be assumed and assigned.

B. *Under New York State Law*

In addition to arguments concerning the Bankruptcy Code and lease provisions, Roy Am questions the validity of *pro tanto* assignments under state law. Roy Am first argued that *pro tanto* assignments were invalid. In its brief, Roy Am argues that *pro tanto* assignments are recognized for the limited purpose of enabling landlords to collect rent from subtenants. *See* Roy Am Memorandum, Point I. Neither point is supported by the authorities.

■ Assignment by a lessee of its entire interest in the portion of a leasehold to an assignee is recognized in New York as a valid, assignment of that leasehold interest. *New Amsterdam Casualty Co. v. National Union Fire Ins. Co.,* 266 N.Y. 254, 260, 194 N.E. 745 (1935); 34 N.Y.Jur., Landlord and Tenant § 212 (1982). Roy Am's assertion that *pro tanto* assignments are recognized for limited purposes only is not supported. The case law clearly recognizes the validity of *pro tanto* assignment with no mention of limited validity.

*Conclusion*

■ *Pro tanto* assignment is permitted and valid under New York State law. Neither the lease in issue nor the Bankruptcy Code limits its utility here. The Court authorizes the proposed *pro tanto* assignment of its leasehold interest in its office premises at 545 Fifth Avenue. The Court directs the debtor to schedule a hearing to determine if the proposes assignee or assignees are able to provide the landlord with adequate assurance of future performance.

It is so ordered.