■ NORTH SIDE SAVINGS BANK, Respondent, v GEORGE ARIEH et al., Defendants, SHOSHANA ARASHI-LEVY, Appellant, and DAVID CESARO et al., Respondents. STANLEY M. KLEIN, as Receiver, Respondent. [620 NYS2d 47] —Order, Supreme Court, New York County (Edward H. Lehner, J.), entered on or about May 27, 1994, which, pursuant to the motion of the court-appointed receiver, directed defendants-respondents/commercial subtenants to pay their rent directly to the receiver, unanimously affirmed, with costs.

Contrary to appellant's contention, the doctrines of res judicata, collateral estoppel, and law of the case are inapplicable to the decision of Justice Cahn "so ordered" on March 10, 1994 in appellant's action seeking, *inter alia,* to rescind the

sublease, which order directed the subtenants to pay appellant overtenant the monthly rent specifically conditioned upon appellant's payment to the receiver of all rent due and owing under her lease, and transferred appellant's action to Justice Lehner "for all purposes", since both the mortgagee and the receiver were not parties to appellant's action nor were they afforded an opportunity to contest the decision, and the issues there contested are not identical to the issues in this foreclosure action (see, *Gramatan Home Investors Corp. v Lopez*, 46 NY2d 481, 485). Further, Justice Lehner properly directed payment of the subtenants' rent to the receiver, who had the right under the master lease to seek payment directly from the subtenants upon appellant's failure to pay rent, and since appellant, by subletting for a period in excess of the master lease had made a *pro tanto* assignment thereof (see, *New Amsterdam Cas. Co. v National Union Fire Ins. Co.*, 266 NY 254). Finally, the court properly denied the balance of the relief sought by appellant. Concur—Ellerin, J. P., Kupferman, Rubin and Nardelli, JJ.